1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11  MOHAMED NEZAR ALI ABDULLA,        )    2:07-cv-02632-GEB-KJM
                                      )
12                 Plaintiff,         )    SCHEDULING ORDER
                                      )
13       v.                           )
                                      )
14  EMILIO T. GONZALEZ, in his official)
    capacity as Director, United States)
15  Citizenship and Immigration       )
    Services;  ROSEMARY MELVILLE,     )
16  District Director, United States  )
    Citizenship and Immigration       )
17  Services, Department of Homeland  )
    Security; ROBIN BARRETT, United   )
18  States Citizenship and Immigration )
    Services, in her official capacity )
19  as San Francisco Field Office     )
    Director,                         )
20                                    )
                   Defendants.        )
21  _____)

22          The status (pretrial scheduling) conference scheduled for

23  September 15, 2008, is vacated since the parties' proposed

24  schedule, filed on August 29, 2008, is adopted and augmented as

25  follows.[1]

26

27  _____

28       [1]    A scheduling conference need not be held in every action.
    Fed. R. Civ. P. 16(b); 1993 Advisory Committee Notes to Fed. R. Civ. P.
    16(b) ("[W]hile a scheduling order is mandated, a scheduling conference
    is not.").

1           (1)   Defendants shall file the administrative record on

2  or before November 3, 2008;

3           (2)   Cross-motions for summary judgment shall be filed on

4  or before March 2, 2009;

5           (3)   Opposition briefs shall be filed on or before March

6  23, 2009;

7           (4)   Reply briefs shall be filed on or before April 20,

8  2009;

9           (5)   Hearing on cross-motions for summary judgment is

10  scheduled to commence at 9:00 a.m. for April 20, 2009.

11                         FINAL PRETRIAL CONFERENCE

12          The final pretrial conference is set for July 13, 2009,

13  at 2:30 p.m.  The parties are cautioned that the lead attorney who

14  WILL TRY THE CASE for each party shall attend the final pretrial

15  conference.  In addition, all persons representing themselves and

16  appearing in propria persona must attend the pretrial conference.

17          The parties are warned that non-trial worthy issues could

18  be eliminated *sua sponte* "[i]f the pretrial conference discloses

19  that no material facts are in dispute and that the undisputed facts

20  entitle one of the parties to judgment as a matter of law."

21  Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869

22  (9th Cir. 1985).

23          The parties shall file a JOINT pretrial statement no

24  later than seven (7) calendar days prior to the final pretrial

25  conference.[2]  The joint pretrial statement shall specify the issues

26  _____

27          [2]     The failure of one or more of the parties to participate in
   the preparation of any joint document required to be filed in this case
28  does not excuse the other parties from their obligation to timely file
   the document in accordance with this Order.  In the event a party fails
   to participate as ordered, the party or parties timely submitting the
                                                        (continued...)

1 | for trial and shall estimate the length of the trial.  The Court
2 | uses the parties' joint pretrial statement to prepare its final
3 | pretrial order and could issue the final pretrial order without
4 | holding the scheduled final pretrial conference.  See Mizwicki v.
5 | Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement
6 | that the court hold a pretrial conference.").  The final pretrial
7 | order supersedes the pleadings and controls the facts and issues
8 | which may be presented at trial.  Issues asserted in pleadings
9 | which are not preserved for trial in the final pretrial order
10 | cannot be raised at trial.  Hotel Emp., et al. Health Tr. v. Elks
11 | Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not
12 | preserved in the pretrial order are eliminated from the action.");
13 | Valley Ranch Dev. Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir.
14 | 1992) (indicating that an issue omitted from the pretrial order is
15 | waived, even if it appeared in the pleading); cf. Raney v. Dist. of
16 | Columbia, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the
17 | pretrial order to allow assertion of a previously-pled statute of
18 | limitations defense); Olympia Co. v. Celotex Corp., 597 F. Supp.
19 | 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual
20 | contention, legal contention, any claim for relief or defense in
21 | whole or in part, or affirmative matter not set forth in [the
22 | pretrial statement] shall be deemed . . . withdrawn,
23 | notwithstanding the contentions of any pleadings or other papers
24 | previously filed [in the action]").
25 |
26 |
27 |
28 |

---

[2](...continued)
document shall include a declaration explaining why they were unable to
obtain the cooperation of the other party.

1       If possible, at the time of filing the joint pretrial

2   statement counsel shall also email it in a format compatible with

3   WordPerfect to: geborders@caed.uscourts.gov.

4                       TRIAL SETTING

5       A bench trial is set for October 6, 2009, commencing at

6   9:00 a.m.

7       IT IS SO ORDERED.

8   Dated:  September 12, 2008

9

10  _____
    GARLAND E. BURRELL, JR.

11  United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28