IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOHAMED NEZAR ALI ABDULLA,            )
                                       )
          Petitioner,                  )   2:07-cv-02632-GEB-KJM
                                       )
     v.                                )   <u>TENTATIVE RULING ISSUED</u>
                                       )   <u>IN ADVANCE OF APRIL 20,</u>
U.S. CITIZENSHIP AND IMMIGRATION       )   <u>2009 HEARING</u>
SERVICES, et al.,                      )
                                       )
          Respondents.                 )
_____)

Pending are cross-motions for summary judgment. Petitioner's motion seeks reversal of a decision of the United States Citizenship and Immigration Services ("USCIS") entered August 8, 2007, in which the USCIS denied Petitioner's naturalization application on the ground that Petitioner was "not lawfully admitted to the United States as a lawful permanent resident" since "at the time [Petitioner] immigrated to the United States as an unmarried son of a United States citizen, [he was] ineligible for such status, as [he was] in fact married." (Administrative Record at 24.) Respondents' motion seeks affirmance of this decision.

Immigration & Naturalization Act ("INA") § 310(c) provides "[a] person whose application for naturalization . . . is denied,

after a hearing before an immigration officer . . . may seek review of such denial before the United States district court . . . . Such review shall be de novo . . . ." See U.S. v. Hovsepian, 359 F.3d 1144, 1162 (9th Cir. 2004) (stating this "statutory provision allows unsuccessful naturalization applicants to ask the district court to review the . . . denial of their applications").

Petitioner argues he was not unlawfully admitted to the United States because he did not make any misrepresentations about his marital status when he applied for his immigrant visa to enter the United States as an unmarried child of a U.S. citizen; rather, at the time he applied for his immigrant visa, he was not married, and he did not know that his marriage prior to his entry to the United States would invalidate his immigrant visa. However, an immigrant is not "a 'lawfully admitted permanent resident' when he obtain[s] permanent resident status through a mistake . . . ." Arellano-Garcia v. Gonzales, 429 F.3d 1183, 1187 (8th Cir. 2005). Therefore, Petitioner was not lawfully admitted to the United States.

Petitioner nevertheless argues his unlawful admission to the United States is not a sufficient ground for the denial of his naturalization application since a rescission of his permanent resident status is required before there can be a denial of his naturalization application. However, INA § 316(a) provides "[n]o person . . . shall be naturalized, unless such applicant [was] lawfully admitted for permanent residence . . . ." Petitioner concedes he was married when he immigrated to the United States as an unmarried child of a U.S. citizen. (See Petitioner's Mot. at 2:8-16.) Since Petitioner "did not lawfully enter the United States as an unmarried child of a U.S. citizen . . . [his] naturalization

application was properly denied." Camara v. Chertoff, No. C-06-7552, 2008 WL 80933, at *9 (N.D. Cal. Jan. 7, 2008).

Petitioner further argues he is entitled to a waiver of his unlawful admission to the United States under INA § 212(k), which provides "[a]ny alien, inadmissible from the United States . . . may . . . be admitted in the discretion of the Attorney General if the Attorney General is satisfied that exclusion was not known to, and could not have been ascertained by the exercise of reasonable diligence by [him]." However, INA § 242(a)(2)(B)(ii) provides "no court shall have jurisdiction to review . . . any . . . decision or action of the Attorney General . . . the authority for which is specified . . . to be in the discretion of the Attorney General . . . ." Here, the USCIS refused to grant this waiver. Since the USCIS's decision on whether to grant a waiver under INA § 212(k) is made "in part, as a matter of discretion, the district court lack[s] jurisdiction to review [the USCIS's decision]." Hassan v. Chertoff, 543 F.3d 564, 566 (9th Cir. 2008) (citation omitted).

Accordingly, Respondents' motion is granted, and Petitioner's motion is denied.

Dated: April 17, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge